O

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | | |
|---|---|---|
| **BRIDGET M. MCCANN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-04-100 |
| | § | |
| **TEXAS VOCATIONAL SCHOOLS and** | § | |
| **MALCOLM MUELLER** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM & ORDER

Pending before the Court are Defendant Malcolm Mueller's ("Mueller") Motion to Dismiss and for a More Definite Statement (Dkt. #20) and Defendant Texas Vocational Schools' ("TVS") Motion to Dismiss (Dkt. #22).[1] Upon reviewing the motions, the response, and the pleadings, the Court is of the opinion that both motions should be granted in part and denied in part.

### Motion to Dismiss Standard

Rule 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion, a court must accept the plaintiff's allegations as true and draw all reasonable inferences in its favor. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993); *United States v. Gaubert*, 499 U.S. 315, 327 (1991). The court may not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citing *St. Paul Ins. Co. of Bellaire, Texas v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991)); *Baker v.*

---

[1] Mueller and TVS may hereinafter be referred to collectively as "Defendants."

*Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Bonner v. Henderson*, 147 F.3d 457, 459 (5th Cir. 1998) (quoting *Rubinstein v. Collins*, 20 F.3d 160, 166 (5th Cir. 1994) (citation omitted)).  Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *See Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998).  "A motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'"  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

## Factual and Procedural Background

Plaintiff Bridget McCann enrolled in TVS' welding program in September 2003 and was the program's only female member.  Plaintiff alleges that Mueller, one of the school's instructors, began a campaign of sexual and gender-based harassment, threatening behavior, unwanted touching, and verbal abuse against her.  Other male students also allegedly participated in this campaign.  Distressed by her situation, Plaintiff informed the school's director, Linda Simmons ("Simmons"), about Mueller's behavior and unwanted advances in December 2003.  Plaintiff alleges that Simmons initially appeared helpful, but grew less and less tolerant of Plaintiff's complaints, and did nothing to stop Mueller's inappropriate behavior.  Plaintiff asserts that upon complaining she was often told "You are on your own with your issues with those guys," or "You brought all this on yourself."

Plaintiff alleges that Mueller grew more brazen and threatening after he heard that she complained to Simmons about his behavior.  Plaintiff alleges that Mueller stated "I can make people

do what they don't want to do. You've burned this bridge." In another incident Plaintiff and Mueller got into an argument because Mueller and several of the male students were talking about Plaintiff and one of them falsely bragged that he had sexual intercourse with her. Plaintiff asserts that Mueller facilitated and encouraged this inappropriate conversation instead of stopping it. Plaintiff alleges that Mueller later told her. "If you don't like, then leave." When Plaintiff attempted to leave the area, Mueller allegedly shouted "I'll give you an 'F' and fail you!" TVS and Mueller deny all of these allegations.

In April 2002, Plaintiff filed a complaint with the Texas Workforce Commission. Plaintiff alleges that in response Simmons threatened her stating, "Since you made your complaint you haven't heard the last of us and you haven't seen the last of me."[2] This complaint was ultimately dismissed. Plaintiff also filed a report with the Victoria County Sheriff's Department for assault by Mueller. The citation issued against Mueller, however, was ultimately withdrawn by the Sheriff's Department.

On November 12, 2004, Plaintiff sued TVS under Title IX for quid pro quo and hostile environment harassment, negligence, and for violations of 42 U.S.C. § 1983. In the same complaint, Plaintiff sued Mueller for false imprisonment, offensive physical contact, intentional infliction of emotional distress, and for violations of 42 U.S.C. § 1983. Both TVS and Mueller filed motions to dismiss. TVS moves only to dismiss Plaintiff's causes of action under Title IX and 42 U.S.C. § 1983. Mueller moves to dismiss Plaintiff's causes of action under 42 U.S.C. § 1983 and also moves for a more definite statement asking for specific facts concerning Plaintiff's claim for false imprisonment.

---

[2] TVS also denies that Simmons made this statement.

**Discussion**

I.   **TVS' Motion to Dismiss Plaintiff's Title IX Claim**

Under Title IX, an employer can be held liable for an employee's conduct. *See e.g., Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 118, S. Ct. 1989, 1999 (1998). To state a cause of action under Title IX, plaintiffs must allege facts indicating that the employer acted with deliberate indifference to discrimination upon receipt of actual notice thereof. *Id.* There are arguably two ways in which sexual harassment in the educational context can constitute gender-based discrimination actionable under Title IX. *Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 65 (1st Cir. 2002). Liability can be based either upon "quid pro quo" harassment (i.e., receipt of a benefit conditioned on submission to sexual conduct) or for "hostile environment" harassment (i.e., sexual conduct which, *inter alia*, creates an intimidating working environment). *See Canutillo Indep. Sch. Dist. v. Leija*, 101 F.3d 393, 397 (5th Cir. 1996); *Frazier*, 276 F.3d at 65.

TVS argues that Plaintiff's complaint is devoid of factual allegations sufficient to state a claim for "quid pro quo" harassment. The Court agrees. Plaintiff has not alleged any facts indicating that Mueller offered her a benefit in return for sexual favors or threatened to punish her for not complying with his sexual demands.

TVS also argues that Plaintiff's allegations are insufficient to state a claim under the "hostile environment" theory because she has failed to show that TVS acted with deliberate indifference to her claims. The Court notes that Plaintiff need not "show" that TVS acted with deliberate indifference to defeat TVS' motion to dismiss; she need only raise facts sufficient to satisfy the

4

notice pleading requirements of FED. R. CIV. P. 8(a)(2).  To the extent TVS argues that Plaintiff failed to allege that TVS acted with deliberate indifference, its argument is without merit.  In her complaint, Plaintiff did not allege that TVS showed "deliberate" indifference to her claims.  Plaintiff, however, did plead that TVS was "consciously indifferent to Plaintiff's complaints of sexual harassment against Malcolm Mueller."  The Court finds the meaning of the words "conscious" and "deliberate" to be sufficiently similar such that the use of the word "consciously" was adequate to state a claim for relief under Title IX.  Nonetheless, Plaintiff alleged that Simmons had actual knowledge of Mueller's behavior and chose not to remedy the situation.  These facts are sufficient to state a claim under Title IX regardless of whether Plaintiff used the word "conscious" or "deliberate."

TVS also appears to argue that Plaintiff's Title IX claim should be dismissed because she cannot prove her case.  For instance, TVS cites *Doe v. Dallas Independent School District* for the proposition "the deliberate indifference standard is a high one . . . . Officials may avoid liability under a deliberate indifference standard by responding reasonably to a risk of harm, 'even if the harm ultimately was not averted.'" 220 F.3d 380, 384 (5th Cir. 2000) (citations omitted).  Again, the Plaintiff is not required to prove her case at this time, it is sufficient that she alleged facts upon which relief could be granted.  Therefore, TVS' motion to dismiss Plaintiff's Title IX claim is denied.

**II.     TVS' and Mueller's Motions to Dismiss Plaintiff's Claim Under 42 U.S.C. § 1983**

A claim under § 1983 may only be brought if the defendant acted "under color" of state law.  *Rendell-Baker v. Kohn*, 457 U.S. 830, 835, 102 S. Ct. 2764, 2769 (1982).  The phrase "under color of law" is treated as the same thing as the "state action" requirement of the Fourteenth Amendment.

5

*See id.* at 838, 102 S. Ct. at 2770.  The ultimate issue in determining whether a person is subject to suit under § 1983 is thus: "is the alleged infringement of federal rights 'fairly attributable to the State?'" *Id.* (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 2754 (1982).

Both TVS and Mueller argue that Plaintiff's § 1983 suit should be dismissed because she has not alleged any facts which would show that either Defendant is a state actor.  Defendants argue that contrary to Plaintiff's allegations, TVS is not a government-funded institution.  Citing *Rendell-Baker*, Defendants argue that even if TVS were a government-funded institution, the fact that the school receives public funds does not automatically make it a state actor.  *See* 457 U.S. at 840, 102 S. Ct. at 2771.  The Court agrees.

"The Government may subsidize private entities without assuming constitutional responsibility for their actions."  *San Francisco Arts & Athletics, Inc. v. United States Olympic Committee*, 483 U.S. 522, 543-44, 107 S. Ct. 2971 (1987).  The intermingling of state authority with private funding can create a relationship of "interdependence" between the state and private parties, such that the two are "joint participant[s] in the challenged activity."  *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725, 81 S. Ct. 856 (1961).  In establishing this "symbiotic relationship" test to determine whether a private actor acted "under the color of state law," the Supreme Court noted that private conduct qualifies as state action when "[t]he State has so far insinuated itself into a position of interdependence with [the private party] that it must be recognized as a joint participant in the challenged activity."  *Id.*  The Supreme Court has also noted that state action exists where "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself."  *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351, 95 S. Ct. 449, 453 (1974).  The Court finds that Plaintiff's mere

allegation that TVS is government-funded, without alleging further facts that could establish either a "symbiotic relationship" or a "close nexus" between the state and TVS, does not convert TVS into a state actor. Thus, Plaintiff has not adequately pled that TVS and Mueller acted "under the color of state law." Accordingly, Defendants' motion to dismiss Plaintiff's § 1983 claim is granted.

### III.    Mueller's Motion for a More Definite Statement

Mueller has also moved for a more definite statement under FED R. CIV. P. 12(e) as to Plaintiff's claim for false imprisonment. "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." FED. R. CIV. P. 12(e). To state a claim for false imprisonment under Texas Law, Plaintiff must show that there was a (1) willful detention, (2) that was without consent, and (3) without authority of law. *See Sears, Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375 (Tex. 1985). Mueller argues that Plaintiff failed to allege any facts in support of her false imprisonment claim. Specifically, Mueller asserts that she stated no facts to identify the date, place, and circumstances surrounding her claim. He also contends that Plaintiff's claim is so vague and ambiguous that he cannot reasonably be required to formulate a responsive pleading.

While Plaintiff has not provided an exact date for each time she was cornered in her booth, her complaint does refer to late November 2003 and April 8, 2004. The dates of other incidents of false imprisonment can be obtained as discovery progresses. Plaintiff has presented facts clearly indicating that Mueller "cornered" Plaintiff in her welding booth and either touched her inappropriately or made sexually suggestive remarks. These factual allegations, however, lack specificity and are therefore insufficient to state a claim for false imprisonment. Plaintiff must

provide more facts in support of the "willful detention" element of her false imprisonment claim. Plaintiff has not clearly stated how Mueller actually detained her or restricted her movement. Plaintiff has also failed to alleged that her detention was accomplished by violence, by threats, or by any other means that restrained her from moving from one place to another. *See Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644-45 (Tex. 1995).

## Conclusion

For the reasons explained above and in accordance with the foregoing, Mueller's Motion to Dismiss and for a More Definite Statement (Dkt. #20) is GRANTED in part and DENIED in part and TVS' Motion to Dismiss (Dkt. #22) is GRANTED in part and DENIED in part.

It is so ORDERED.

Signed this 8th day of July, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE